GEORGE PORTH, Appellant, v. CHRIST LUX, Respondent.

Kansas City Court of Appeals, March 31, 1890.

Stolen Goods: OBJECT OF PURCHASER OF, NO DEFENSE: INSTRUCTION. The fact that the purchaser of a stolen machine, who was an agent for the sale of the machine in a given territory, made the purchase with the view of convincing his principal that his territory was being invaded, constitutes no defense to an action against the vendor for the return of the purchase price, and an instruction to that effect is erroneous.

*Appeal from the Miller Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*T. B. Robinson* and *Moore & Williams*, for the appellant.

(1) The appellant had a perfect right to dispute the title of the respondent to the machine he got of him, and to take upon himself the *onus* of showing that the latter had no title to the property. He ascertained this fact by taking the machine to St. Louis for the purpose of clearing up the mystery connected with the machine and the sale thereof by some unauthorized party. He found it was stolen property, as he believed. It was claimed and taken by the true owner, as he believed (A. W. Wood & Co.), who took it from him under claim of title. It was not necessary to wait till a suit was brought by the true owner before giving peaceable possession. *Matheny v. Mason*, 73 Mo. 682, and citations; *Burt v. Dewey*, 40 N. Y. 286; *Sweetman v. Prince*, 26 N. Y. 286. (2) It follows, therefore, that the only question to be submitted to the jury was that of the ownership of the machine: Was it stolen or was it the property of A. W. Wood & Co., as claimed by the plaintiff, or did defendant have title to it as claimed by respondent. The instructions on both sides are based on this theory, except number 3, given for defendant. This instruction was erroneous and misleading. What does it matter as to plaintiff's motive when he bought or traded for the machine from defendant and in his possession, if it afterwards turned out to be stolen property, or that the defendant had no title to it. On this instruction alone the case should be reversed.

*W. S. Pope,* for the respondent.

Cited: 65 Mo. 325; 82 Mo. 215; 72 Mo. 414; 71 Mo. 574; *Crawford v. Thoroughman,* 13 Mo. App. 579.

GILL, J.—This is an action for the amount alleged to have been paid defendant by the plaintiff for a Domestic sewing machine. The case originated, and was tried, before a justice of the peace in Miller county, was appealed to the circuit court, where, on trial before court and jury, a verdict and judgment was had for the defendant and plaintiff has appealed.

Porth is a merchant at Jefferson City, and had the exclusive agency for the sale of the Domestic sewing machine in Miller county, and by agreement the price of the machine to be sold by plaintiff was fixed at forty dollars. In the conduct of the business plaintiff came to the knowledge of the fact that defendant Lux, residing in Miller county, had purchased from some one a "Domestic" machine, and at the price of thirty-five dollars. Plaintiff thereupon complained to the company, his principal; and upon the denial that any such sale had been made by the company, plaintiff negotiated with defendant for the purchase of said machine, resulting in plaintiff acquiring the same in consideration of another machine and ten dollars paid defendant. After thus securing the Lux machine it was found to have been stolen from Wood & Co., dealers in St. Louis, and to the rightful owners plaintiff surrendered the said machine. Defendant refused to return to plaintiff the purchase price thereof, whereupon this action was brought.

At the trial in the circuit court, various instructions were given, and which in the main fairly declared the law governing the case. Instruction number 3, however, given at the instance of the defendant, was entirely outside the substantial issues of the case, and

ought not to have been given. Said instruction reads as follows: "3. If from all the facts and circumstances in the case as developed by the evidence the jury believe that the plaintiff made the trade with defendant for the purpose and with the design to either prove his truthfulness to the company he was agent for, or for the purpose of entrapping and detecting his principal in selling inside of territory allotted to him to sell in, then they will find the issues for the defendant." What had the matter of this instruction to do with the defense of this suit? Take it as true that plaintiff bought the machine with the view of convincing his company that his territory was being invaded, did such a purchase deprive him of the rights of an ordinary purchaser for value? The vicious nature of this instruction is too plain for extended comment, and doubtless furnishes a solution for this extraordinary verdict, which, on the face of this record, appears very clearly for the wrong party. Judgment reversed and cause remanded for a new trial. All concur.